UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD LEE,

    Plaintiff,                                 CIVIL ACTION NO. 01-73656

v.                                         DISTRICT JUDGE ARTHUR J. TARNOW

JIMMY G. PUTNAM, MICHIGAN         MAGISTRATE JUDGE VIRGINIA M. MORGAN
DEPARTMENT OF CORRECTIONS,
KAY EYERS, VONDA JAMROG,
WILLIAM HUDSON, JACQULINE
MOSS, DONALD HORN, and
LUCILLA BURKE,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I. Introduction**

     This is a *pro se* 42 U.S.C. § 1983 action in which the plaintiff alleged that he was imprisoned in the custody of the Michigan Department of Corrections (MDOC) beyond his legal release date in violation of his Eighth and Fourteenth Amendment rights. On May 17, 2002, this court issued a report recommending that plaintiff's action be dismissed in its entirety (D/E #24). Plaintiff objected to that report and recommendation (D/E #25), but the Honorable Arthur J. Tarnow adopted this court's report and recommendation on September 24, 2002 and entered judgment in favor of defendants the same day (D/E #28, #29).

-1-

The matter now comes before the court on plaintiff's "Emergency Motion Requesting Order Directing Jailers to Return All Funds Taken in Violation of the Filing Fee Order Given by this Court and Clarification on How it Works" (D/E #33).  In that post-judgment motion, plaintiff asserts that he returned to prison in Wisconsin from a prison in Illinois and that a filing fee order was issued July 9, 2009.  Plaintiff also noted that he had seven federal court filing fee orders issued against him.  Plaintiff further asserts that his lawyer sent him $600.00 and that, from that single deposit, Wisconsin prison officials seized all of the funds because of the filing fee orders.  As relief, plaintiff requests that this court issue an order clarifying how the relevant statutes work and order his jailers to return all of his funds.

Although referred for hearing and determination, because this is a post-judgment matter, this court's jurisdiction (absent consent) is limited to a Report and Recommendation.  Post-judgment motions are not pretrial matters, and therefore a Magistrate Judge referred these matters without consent under 28 U.S.C. § 636(c) must proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(b).  Massey v. City of Ferndale, 7 F.3d 506, 510 (6th Cir. 1993); United States v. Tyson, 265 F.Supp.2d 788, 789 (E.D. Mich. 2003).  See also, United States v. Storks, No. 08-14434, 2009 WL 1076302, *1 (E.D. Mich. April 21, 2009) (Tarnow, J.).

Here, this court recommends that plaintiff's motion be denied.  As noted by defendants, there is no evidence that a filing fee was collected in this case and plaintiff's own motion indicates that the filing fee order he is complaining about was issued on July 9, 2009 while he was in prison in Wisconsin.  To the extent plaintiff identifies other filing fee orders, those other orders also appear to have been issued from state or federal courts in Wisconsin in 2001 or 2002.

Plaintiff's motion does not appear to have anything to do with this case or these defendants. Consequently, this court recommends that plaintiff's "Emergency Motion Requesting Order Directing Jailers to Return All Funds Taken in Violation of the Filing Fee Order Given by this Court and Clarification on How it Works" be denied.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                      S/Virginia M. Morgan
                                      Virginia M. Morgan
                                      United States Magistrate Judge

Dated: October 15, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and Donald Lee,  via the Court's ECF System and/or U. S. Mail on October 15, 2009.

                                      s/J. Johnson
                                      Case Manager to
                                      Magistrate Judge Virginia M. Morgan